# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2141

_____

| | | |
|---|---|---|
| Linda Britton, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Eastern |
| City of Poplar Bluff, Missouri, | * | District of Missouri. |
| A Body Corporate and Politic | * | |
| and a Third-Class City of the | * | |
| State of Missouri, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 13, 2001

Filed: March 30, 2001

_____

Before WOLLMAN, Chief Judge, and BOWMAN and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Linda Britton was employed by the city of Poplar Bluff, Missouri, as a meter reader supervisor. Following an investigation into irregular electrical usage at Ms. Britton's home, the city first suspended her and then gave her a choice between returning to her job or receiving back pay for the time of her suspension. After

choosing neither option, Ms. Britton's employment was terminated and her position was filled by a younger man.

Ms. Britton sued, contending that the city's actions constituted age and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e through § 2000e-17, the Age Discrimination in Employment Act (ADEA), *see* 29 U.S.C. §§ 621-634, the Missouri Human Rights Act (MHRA), *see* Mo. Rev. Stat. §§ 213.010-213.137, and the equal protection clause of the fourteenth amendment. The district court[1] granted summary judgment to the city, Ms. Britton appealed, and we affirm.

## I.

Some years ago, Lymon Bagby, the general manager of the city's utility department, was informed that Ms. Britton's electricity meter had been exhibiting erratic readings, including a period during which her meter indicated a negative electric usage. Ms. Britton could provide no explanation for this, and Mr. Bagby concluded after an investigation that the readings resulted from someone tampering with the meter. He referred the matter to the police and Ms. Britton was charged with felony theft of electrical services. Pursuant to city policy, Ms. Britton was then suspended without pay while the criminal charge was pending.

Following her acquittal on the criminal charge, Ms. Britton sought reinstatement to her position with the city. Mr. Bagby, however, said that he was not convinced of Ms. Britton's innocence, and recommended that she be offered a choice between reinstatement or back pay. After the City Council approved Mr. Bagby's proposal, Thomas Lawson, the city manager, made the offer to Ms. Britton and gave her ten days

---

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties. *See* 28 U.S.C. § 636(c); *see also* Fed. R. Civ. P. 73(a).

to respond. The city also requested that, as a condition of exercising either option, Ms. Britton sign a release for any claims resulting from her suspension. When Ms. Britton failed to respond to the offer after ten days, her position was given to Jerry Lawson, who had performed Ms. Britton's duties in her absence and was the only person to respond to a vacancy notice for the position.

## II.

Because Ms. Britton does not present any direct evidence of discrimination, we apply the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804-05, 807 (1973), to her Title VII, ADEA, and MHRA claims. *See Hill v. St. Louis University*, 123 F.3d 1114, 1119 (8th Cir. 1997) (Title VII and ADEA), and *Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1101 n.8 (8th Cir. 1996) (MHRA). We review the grant of summary judgment *de novo*, giving Ms. Britton, as the non-moving party, the most favorable reading of the record as well as the benefit of any reasonable inferences that arise from the record. *See Anderson v. North Dakota State Hospital*, 232 F.3d 634, 635 (8th Cir. 2000). Summary judgment "is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim," *Whitley v. Peer Review Systems, Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000).

Under *McDonnell Douglas*, Ms. Britton bears the initial burden of making a *prima facie* case of discrimination. *See Hill*, 123 F.3d at 1119. Ms. Britton must therefore show that she is within a protected class, that she was qualified to perform her job, that she suffered an adverse employment action, and that she was replaced by a younger male employee. *See id.* The city has conceded for purposes of the motion for summary judgment that Ms. Britton has met this burden, and we shall therefore assume the same.

Because Ms. Britton has met her initial burden, the city is required to articulate a legitimate, non-discriminatory basis for its action. *See id.* The city maintains that its

actions against Ms. Britton were precipitated by its belief that Ms. Britton was responsible for the theft of electricity at her home. While Ms. Britton disputes the city's allegations, the city's burden at this stage "is a burden of production[,] not proof," *Krenik v. County of Le Sueur*, 47 F.3d 953, 958 (8th Cir. 1995). We do not question that theft is a legitimate ground for termination, *see, e.g.*, *Smith v. Monsanto Chemical Co.*, 770 F.2d 719, 724 (8th Cir. 1985), *cert. denied*, 475 U.S. 1050 (1986), and thus find that the city has met its burden to produce a legitimate, non-discriminatory basis for its action.

Since the city has met this burden, Ms. Britton "can avoid summary judgment only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that age [or gender] was a determinative factor in the adverse employment decision," *Rothmeier v. Investment Advisers, Inc.*, 85 F.3d 1328, 1336-37 (8th Cir. 1996). The district court in our case concluded that summary judgment was appropriate because Ms. Britton did not establish a genuine issue of fact on the issue of pretext.

III.

Ms. Britton asserts that she produced sufficient evidence to raise an inference that the city's reason for acting against her was pretextual. Her first contention is that the city would not have given her the option to return to her position as a meter reader supervisor if it believed that she had stolen electricity. We agree with Ms. Britton that it would indeed be somewhat unusual for the city to allow her to return to her position if it believed that she had stolen electricity, but we are not inclined to think that the adverse inference that Ms. Britton urges us to draw is a reasonable one.

Ms. Britton's argument is essentially that the city's refusal to punish her as severely as possible indicates that the city knew that it was not justified in punishing her at all. We think that this argument stretches the bounds of reason, and we are not sure that this evidence creates any inference at all, much less a reasonable one, of

pretext on the city's part. It may be that the only reasonable inference to be drawn here is that the decision to allow Ms. Britton to return to work was nothing more than a generous extension of the city's business discretion. What we are clear on is that this evidence does not raise an inference sufficiently strong to create a jury issue on the question of whether age or gender was a determinative consideration in the city's decision to terminate her.

Ms. Britton also contends that the city's request for a release from liability in exchange for either her reinstatement or her claim to back pay supports an inference that the city knew that it had discriminated against her. We disagree. We do not think that the request for a release can indicate anything more to a reasonable mind than the city's awareness that an adverse employment action against an employee in a protected class carries with it the possibility of a discrimination lawsuit. *See Partington v. Broyhill Furniture Industries, Inc.*, 999 F.2d 269, 271 (7th Cir. 1993); *see also Jefferson v. Vickers, Inc.*, 102 F.3d 960, 963 (8th Cir. 1996). "No inference of guilt can be drawn from awareness of one's legal obligation; to do so would be to promote the ostrich over the farther-seeing species," *Partington*, 999 F.2d at 271. Without further evidence, such as, for instance, a showing that only older or female workers were required to sign releases, *see Jefferson*, 102 F.3d at 963, the mere request for a release does not provide a sufficient basis for an inference that the city's proffered reason for Ms. Britton's termination was pretextual.

Ms. Britton maintains, finally, that the city's reason was pretextual because she was treated differently from a male employee. She points to the fact that Jerry Gowen was suspended from his job as a fireman when he was indicted for receiving stolen property. After the case against Mr. Gowen was dismissed, he was reinstated to his position with full back pay, a privilege not given to Ms. Britton.

While evidence of disparate treatment can of course support an assertion of pretext, the employee or employees with whom a plaintiff wishes to be compared must

have been similarly situated to the plaintiff in all relevant respects. *See Harvey v. Anheuser-Busch, Inc.*, 38 F.3d 968, 972-73 (8th Cir. 1994). We think that Ms. Britton's situation, however, was significantly different from Mr. Gowen's. For one thing, Mr. Gowen's alleged conduct was unrelated to his employment as a fireman, whereas Ms. Britton was charged with stealing a service provided by her employer. Although "[e]mployees are similarly situated when they 'are involved in or accused of the same offense,' " *id.* at 972, quoting *Rohde v. K. O. Steel Castings, Inc.*, 649 F.2d 317, 322 (5th Cir. 1981), we think that stealing from one's employer is much different from receiving stolen property from a third party.

We think it equally significant on this point that the decisions regarding Ms. Britton and Mr. Gowen were made by different decision-makers. Mr. Gowen was reinstated by the city manager, Mr. Lawson, whereas Mr. Bagby made the decision involving Ms. Britton. While it is true that Mr. Lawson made the final offer to Ms. Britton, the record indicates that he acted only after the City Council directed him to take the course of action that Mr. Bagby recommended. "When different decision-makers are involved, two decisions are rarely 'similarly situated in all relevant respects,' " *Harvey*, 38 F.3d at 972, quoting *Meyers v. Ford Motor Co.*, 659 F.2d 91, 93 (8th Cir. 1981). We therefore hold that Ms. Britton has failed to present evidence that she was similarly situated to Mr. Gowen, and thus her assertion of disparate treatment must fail.

Because Ms. Britton did not meet her burden under *McDonnell Douglas*, the city was entitled to summary judgment on her Title VII, ADEA, and MHRA claims. We have considered Ms. Britton's other arguments and find them to be without merit.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.