# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 01-1701

_____

Sandra L. Marxkors,

           Appellant,

     v.

GTE Wireless, Inc.,

           Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: September 10, 2001
Filed: October 4, 2001

_____

Before MCMILLIAN, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Sandra Marxkors appeals the district court's[1] dismissal of her action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 and 623(a)(1) (1994), against her former employer, GTE Wireless, Inc. (GTE). Marxkors filed this action after she lost her position when GTE eliminated and reorganized part of its

_____

[1] The Honorable Carol E. Jackson, United States District Judge for Eastern District of Missouri.

workforce in its St. Louis, Missouri, office. Having conducted de novo review, <u>Britton v. City of Poplar Bluff, Mo.</u>, 244 F.3d 994, 996 (8th Cir. 2001), we affirm.

Marxkors presented no direct evidence of age discrimination. Therefore, the district court employed the burden-shifting analysis of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), and <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993). The district court assumed for the purposes of summary judgment that Marxkors had established her prima facie case, but it concluded that GTE had articulated a legitimate, nondiscriminatory reason for the adverse employment action. <u>See</u> <u>McDonnell Douglas</u>, 411 U.S. at 802. Marxkors did not dispute that her attendance and punctuality were poor, that she had made personal calls in violation of company policy, that her performance was unsatisfactory, or that the two younger employees retained after the reorganization each had performance evaluations superior to hers. Marxkors failed to present any evidence that these reasons for not retaining her after the reorganization were pretextual. <u>See</u> <u>id.</u> at 804; <u>Ryther v. KARE 11</u>, 108 F.3d 832, 838 (8th Cir.) (en banc) ("Obviously, in all age discrimination cases, the plaintiff must produce sufficient evidence of the elements of the prima facie case and where necessary, adduce sufficient proof of pretext to meet the traditional tests of summary judgment. . . ."), <u>cert. denied</u>, 521 U.S. 1119 (1997). Accordingly, we affirm the judgment of the district court. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

2