# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2854

_____

Roger Forrest,                                 *
                                               *
              Appellant,                       *
                                               *   Appeal from the United States
       v.                                      *   District Court for the
                                               *   Southern District of Iowa.
Kraft Foods, Inc.,                             *
                                               *
              Appellee.                        *

_____

Submitted: February 11, 2002

Filed: April 3, 2002

_____

Before BOWMAN, RICHARD S. ARNOLD, and WOLLMAN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Roger Forrest, Jr. appeals from the district court's[1] entry of summary judgment in favor of his former employer, Kraft Foods, Inc., in his racial discrimination suit. Because Forrest failed to present evidence showing that Kraft's legitimate, nondiscriminatory reasons for his termination were a pretext for unlawful discrimination, we affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

# I.

Forrest, an African-American male, was employed as a meat production worker at Kraft's Davenport, Iowa, facility for approximately seven years. During this time, Forrest held several positions, including working as a "cooker" for the last year of his employment at Kraft. There were a total of four cookers in Forrest's department. The position required the cookers to place baskets of meat in cooking tanks, monitor the temperature and cooking time, pull the baskets from the cooking tanks and place them in cooling tanks (a "hot pull"), and pull the baskets from the cooling tanks (a "cold pull").

During Forrest's tenure at the Kraft facility, he amassed an extensive disciplinary record. He was cited for attendance problems, unacceptable behavior, poor workmanship, and leaving work early without permission. Kraft states, and Forrest concedes, that Forrest's disciplinary history was worse than any other employee in this 1600-person facility. Forrest did not contest any of these citations, though he now contends, offering no evidence in support of the contention, that the extensive nature of his disciplinary record is itself evidence of racial discrimination.

On October 28, 1997, Forrest wanted to leave work early to join some other employees at a bar. Kraft's policy required that he get permission from his supervisor, Rebecca Thomas, prior to leaving. When Forrest asked Thomas if he could leave early, she replied, "Roger, you cannot leave until your shift is covered." Sometime after that, Forrest discovered that the next shift's cooker would not be coming to work. Another employee, Dan Keefe, was tapped to cover that cooker's shift. The facts, taken in the light most favorable to Forrest, indicate that Forrest assumed that Keefe would also finish Forrest's remaining duties. Without again speaking with Thomas to determine whether he had permission to leave, Forrest left an hour early, leaving two cold pulls and one hot pull to be done.

Following a fact-finding meeting, Kraft fired Forrest on November 5, 1997, citing his extensive disciplinary record and his unauthorized early departure from work on October 28.[2]  Following his dismissal, Forrest filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and was issued a right-to-sue notice, whereupon he filed the present action.

## II.

We review de novo a grant of summary judgment, applying the same standard as the district court.  Rose-Matson v. NME Hospitals, Inc., 133 F.3d 1104, 1107 (8th Cir. 1998).  "We will affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law."  Id.  Although the burden of demonstrating the absence of any genuine issue of material fact rests on the moving party, "a nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial."  Id. (citing Thomas v. Runyon, 108 F.3d 957, 959 (8th Cir. 1997)).

Under the burden-shifting framework of McDonnell Douglas Corp. v. Green, Forrest bears the initial burden of establishing a case of discrimination.  411 U.S. 792, 802-03 (1973).  We will assume for the purposes of this case that Forrest met this burden, and thus we review the record to determine whether Kraft met its burden of rebutting the presumption of discrimination by articulating a legitimate, non-discriminatory basis for its action.  See Rose-Matson, 133 F.3d at 1107; Britton v. City of Poplar Bluff, Mo., 244 F.3d 994, 996 (8th Cir. 2001).  Kraft contends that it terminated Forrest because of his dismal disciplinary record, with his unauthorized

---

[2]Forrest argues that under the relevant collective bargaining agreement, he could not be fired for this offense unless he had three prior offenses and was under a probationary period for those offenses.  He has presented no evidence to support this argument, however, and thus we need not address it further.

early departure on October 28 constituting the triggering event. Thus, Kraft has met its burden, and the presumption of discrimination accordingly falls from the case.

In the final step of the McDonnell Douglas analysis, Forrest bears the burden of showing that the proffered explanation is a mere pretext. Rose-Matson, 133 F.3d at 1107. He may prove pretext and "avoid summary judgment only if the evidence considered in its entirety (1) creates a fact issue as to whether the employer's proffered reasons are pretextual and (2) creates a reasonable inference that [race] was a determinative factor in the adverse employment decision." Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1336-37 (8th Cir. 1996).

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prod., Inc., 120 S. Ct. 2097, 2109 (2000). Such evidence will not necessarily permit that conclusion, and the ultimate burden of proving intentional discrimination remains with the plaintiff. Reeves, 120 S. Ct. at 2108; Tatom v. Georgia-Pacific Corp., 228 F.3d 926, 931 (8th Cir. 2000).

Forrest contends that because he was treated differently from a Caucasian employee, Mark Adams, Kraft's reason was pretextual. Forrest asserts that Adams committed a similar infraction by leaving work during his shift without permission but was punished only with a two-month suspension. "While evidence of disparate treatment can of course support an assertion of pretext, the employee or employees with whom a plaintiff wishes to be compared must have been similarly situated to the plaintiff in all relevant respects." Britton, 244 F.3d at 998 (citing Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 972-73 (8th Cir. 1994)). Forrest has not shown that Adams had a comparable disciplinary history, for the record indicates that Adams's unauthorized departure was his first such offense. (We note that Forrest received only warnings on his first comparable offenses.) Forrest argues that his

-4-

failure to present evidence regarding Adams's disciplinary record was the result of difficulties he experienced during discovery. We find this argument unpersuasive, however, in light of the fact that Forrest was provided a fifteen-month period in which to conduct discovery.

In addition to the disparate disciplinary records, there were different decision-makers involved in Adams's case and Forrest's termination. "When different decision-makers are involved, two decisions are rarely 'similarly situated in all relevant respects.'" Britton, 244 F.3d at 998 (quoting Harvey, 38 F.3d at 972). Forrest identifies one ultimate supervisor that he and Adams had in common, but there is no evidence that this supervisor was the actual decision-maker in both instances. Accordingly, because Forrest has failed to establish that he was similarly situated to Adams, his assertion of disparate treatment fails.

Because Forrest has failed to come forth with sufficient evidence from which a reasonable jury could find that Kraft's proffered reason for terminating Forrest was pretextual and that in fact it acted with discriminatory intent, the district court did not err in entering summary judgment against him.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.