# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2057

_____

Rodney Lawson,                                        *
                                                      *
            Appellant,             *     Appeal from the United States
                                                      *     District Court for the Western
   v.                                            *     District of Missouri.
                                                      *
Hazel Vance, Food Service Worker,                     *          [UNPUBLISHED]
                                                      *
            Appellee.              *

_____

Submitted:  July 11, 2002

Filed:    July 26, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Rodney Lawson brought a 42 U.S.C. § 1983 claim alleging his right to be free from cruel and unusual punishment was violated when Hazel Vance, a cook for the prison, slapped Lawson in the face. Vance claims Lawson frightened her and she threw up her hands, accidentally striking Lawson in the face. Following discovery, the district court* granted Vance's motion for summary judgment. Lawson appeals.

_____

*The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Lawson, we conclude the district court correctly granted summary judgment to Vance. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). To prove a claim of excessive force in violation of the Eighth Amendment prohibition against cruel and unusual punishment, Lawson must show the force was applied maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Lawson must prove actual injury, and cannot recover for de minimus use of force unless the de minimus force is repugnant. Hudson, 503 U.S. at 9-10 (de minimus force repugnant to the conscience of mankind violates the Eighth Amendment); Cummings v. Malone, 995 F.2d 817, 822 (8th Cir. 1993) (proof of actual injury required). Assuming Vance slapped Lawson on purpose and without provocation, Lawson fails to show he was actually injured. Lawson was examined by a nurse an hour after the incident. There were no visible signs of injury, no symptoms, and Lawson did not complain of being hurt. Vance's slap is a de minimus use of force, and does not give rise to a constitutional claim. White v. Holmes, 21 F.3d 277, 279, 281 (8th Cir. 1994).

On appeal, Lawson claims he was slapped twice, not once, and that two slaps cannot be accidental. Because Lawson failed to raise this argument before the district court, we decline to consider it on appeal. Rheineck v. Hutchinson Tech., Inc., 261 F.3d 751, 758 (8th Cir. 2001). Besides, even if Vance purposely slapped Lawson twice without provocation, as Lawson claims, Lawson still fails to prove actual injury.

We thus reject Lawson's claims on appeal and affirm the district court's grant of summary judgment to Vance. See 8th Cir. R. 47 B.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.