# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1675

_____

Diana Lynn Carpenter,          *
                                  *
         Appellant,          *    Appeal from the United States
                                  *    District Court for the District
    v.                       *    of Minnesota.
                                  *
Northwest Airlines, Inc.,        *       [UNPUBLISHED]
                                  *
         Appellee.           *

_____

Submitted:   September 3, 2002

Filed: September 23, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Diana Lynn Carpenter appeals the grant of summary judgment in favor of Northwest Airlines, Inc. on her claims of race discrimination, religious discrimination, violation of the Family Medical Leave Act (FMLA), and defamation. In addition, Carpenter claims the complaint included claims of hostile working environment and breach of confidentiality.

Carpenter has been a reservation sales agent for Northwest since 1973. In May, 1999, Carpenter bid for and received the overtime equalization supervisor position (OT supervisor). As OT supervisor, Carpenter was responsible for tracking employee

schedules, work function, and overtime utilization. Under the union's collective bargaining agreement, if the overtime opportunities are not equalized between all reservation agents within a thirty hour range at the end of the year, employees with insufficient overtime opportunities could claim additional pay. Northwest's goal was to ensure equal opportunity for overtime, resulting in a zero pay-out at the end of the year.

Within six weeks of assuming the OT supervisor position, managers noticed errors in Carpenter's performance. In August, managers discovered extensive errors in the overtime database. Several hundred employees were not included in the database, some employees were wrongfully included, agents were credited incorrectly, information was entered using the wrong shift, hours, and days off, and overtime had gone uncredited. Carpenter was notified of the errors one week before her scheduled vacation. Carpenter left for vacation but had not completed the corrections, leaving a back-up supervisor to correct the mistakes. Northwest's estimated overtime liability was 6,212.2 hours using uncorrected data, but was 2,545.5 hours when data errors were corrected. Carpenter took Family Medical Leave after returning from vacation. When she returned from leave in November, Carpenter reentered her OT supervisor position, but was demoted the next day due to poor job performance. Carpenter grieved this demotion, was reinstated as a supervisor (but not an OT supervisor), awarded backpay, and the demotion was reduced to a formal coaching for job performance. Carpenter's reinstatement position, however, did not have Sundays and Mondays off, which Carpenter claims are necessary for her ministries as a born-again Christian. Carpenter then applied for and received a year-long leave of absence. After the leave of absence, Carpenter bid for and received an operations supervisor position with Sundays and Mondays off.

The district court[*] granted Northwest's motion for summary judgment and Carpenter now appeals. Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Carpenter, we conclude the district court correctly granted summary judgment to Northwest. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). Like the district court, we conclude Carpenter fails to state a prima facie case of racial discrimination because she had not suffered an adverse employment action. Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997). Even if the "formal job coaching" was an adverse employment action, Northwest asserted poor job performance as a legitimate nondiscriminatory reason, and Carpenter has failed to create a fact issue as to whether that reason was pretextual. Likewise, we agree with the district court that Carpenter's religious discrimination claim fails because she suffered no adverse employment action. Cruzan v. Special Sch. Dist. #1, 294 F.3d 981, 983 (8th Cir. 2002). Carpenter was reinstated to an available supervisor position after her performance-related demotion. When Carpenter protested that the position did not permit her to have Sundays off, Northwest granted her request for a leave of absence.

We reject Carpenter's FMLA claim because she was restored to the position she held before taking leave, but then disqualified due to poor job performance. Hatchett v. Philander Smith College, 251 F.3d 670, 677 (8th Cir. 2001). Allowing Carpenter to remain in a position she cannot perform is not required by the FMLA, and would give her more than she was entitled to before taking leave. Id. Because Carpenter failed to identify which of Northwest's statements were defamatory, Carpenter's defamation claim fails. See Fed. R. Civ. P. 12(b)(6); Schibursky v. Int'l Bus. Machines Corp., 820 F. Supp. 1169, 1181 (D. Minn. 1993) (defamation claims must be pled with specificity).

_____

[*]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Although Carpenter claims she raised a breach of confidentiality claim, after reviewing her complaint, we find no such claim. Carpenter's hostile work environment claim fails for the same reasons her racial discrimination claim fails. Northwest's critique of Carpenter's poor job performance was neither an adverse employment action, nor did it affect a term, condition, or privilege of employment. See Bradley v. Widnall, 232 F.3d 626, 631 (8th Cir. 2001).

We thus affirm for the reasons stated by the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.