# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2047
No. 02-2202

_____

| | | |
|---|---|---|
| Oscar Stilley, | * | |
| | * | |
| Appellant, | * | Appeals from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas |
| | * | |
| Margaret James; Rick Grinnan; | * | [UNPUBLISHED] |
| Linda Varnado; Alban Varnado, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  September 16, 2002

Filed:  September 30, 2002
_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Attorney Oscar Stilley represented John Speed in a suit against Red Cross employees Margaret James, Rick Grinnan, Linda Varnado, and Alban Varnado. The Red Cross fired Speed based on an audit report that found Speed used Red Cross funds to purchase a plane ticket for personal use. Speed sued, contending the audit report contained false information. The Red Cross counterclaimed for personal expenses Speed charged to a Red Cross credit card. The trial judge dismissed all claims against the Red Cross defendants personally, and issues concerning the

preparation and accuracy of the audit report were tried to a jury. The jury returned a verdict in favor of the defendants on the claim and counterclaim, awarding the Red Cross $4000.

The Red Cross employees then sued Speed and Stilley for malicious prosecution. Stilley filed a counterclaim on behalf of Speed for damages flowing from the allegedly fraudulent audit report. The court dismissed the counterclaim, finding the claim was virtually the same as the claim litigated in the first lawsuit. The malicious prosecution claim proceeded to trial. Speed became uncomfortable with Stilley's representation and was concerned that Stilley had a conflict of interest. Stilley did not want Speed to change attorneys, so agreed to indemnify Speed if Speed were found liable. After trial, the court directed a verdict in favor of Stilley. The jury found in favor of the Red Cross employees, and awarded a $200,000 judgment against Speed. Stilley appealed the judgment on Speed's behalf, but later Speed moved to dismiss the appeal.

The Red Cross employees then learned of the indemnification agreement and sued Stilley for a declaratory judgment on the $200,000 judgment against Speed. Stilley filed a counterclaim alleging malicious prosecution and abuse of process. The court dismissed the counterclaim, finding identical facts were pled in earlier litigation and were dismissed. The court granted summary judgment in favor of the Red Cross employees, and ordered Stilley to pay the $200,000 plus interest. Stilley unsuccessfully appealed. See Stilley v. James, 48 S.W.3d 521, 529 (Ark. 2001). The Arkansas Supreme Court then suspended Stilley from the practice of law for thirty days for violating the Arkansas Rules of Professional Conduct while litigating these lawsuits.

In the present suit, Stilley is suing the Red Cross employees for malicious prosecution and abuse of process, claims which are virtually identical to counterclaims dismissed in earlier lawsuits. The heart of Stilley's suit is that the audit

report was fraudulent, so the related judgments against Stilley are impermissibly based on fraud. The Red Cross employees filed a motion for summary judgment and sanctions. The district court[*] granted the motion for summary judgment, finding Stilley is precluded from relitigating issues decided in earlier lawsuits and failed to state a claim for abuse of process. Stilley moved to alter the judgment under Federal Rule of Civil Procedure 59, but his motion was denied. The district court also enjoined Stilley under Federal Rule of Civil Procedure 11 from further litigation against the Red Cross based on the allegedly fraudulent audit report. Stilley appeals both the adverse grant of summary judgment and the imposition of sanctions.

Having reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to Stilley, we conclude the district court correctly granted summary judgment to the Red Cross employees. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002). First, Stilley contends issue preclusion should not apply because the underlying judgment was based on a fraudulent audit report. Issue preclusion requires four elements to be proven before barring further litigation on an issue: (1) the issue sought to be precluded is the same as that involved in earlier litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment. Arkansas Office of Child Support Enforcement v. Willis, 59 S.W.3d 438, 444 (Ark. 2001). Here, Stilley's claims of malicious prosecution and abuse of process presume the audit report used to fire Speed was fraudulent, thus pursuing payment of the judgment based on the audit report is improper. Stilley's contention is precluded because the underlying issue, that the audit report was fraudulent, was actually litigated in the first lawsuit between Speed and the Red Cross employees. The issue was submitted to the jury. The jury returned a verdict in favor of the defendants.

---

[*]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

-3-

Rejection of the contention that the audit report was false or fraudulent was essential to the jury's verdict. Each of the criteria necessary to apply issue preclusion is satisfied. We thus reject Stilley's contention.

We next reject Stilley's second contention, that dismissal of his first counterclaim was without prejudice so his contentions are not precluded, because it confuses which of several final judgments satisfies the issue preclusion bar. Here, the relevant final judgment is the jury verdict. Thus, it does not matter whether the Arkansas trial court dismissal of Stilley's counterclaim was with or without prejudice.

Likewise, we reject Stilley's third contention, that the district court was mistaken to dismiss the abuse of process claim. We agree with the district court that Stilley has not shown the Red Cross employees brought the malicious prosecution suit to induce Stilley to sign a settlement that included agreeing to an improper restraint on Stilley's ability to sue the Red Cross. The Red Cross employees later withdrew the covenant not to sue. Without proof the malicious prosecution suit was perverted to accomplish the goal an impermissible restraint on Stilley's ability to sue the Red Cross, Stilley fails to meet the elements necessary to show abuse of process. South Ark. Petroleum Co. v. Schiesser, 36 S.W.3d 317, 323 (Ark. 2001) (elements of abuse of process tort).

Finally, we reject Stilley's contention that the district court abused its discretion in applying Rule 11 sanctions. Chandler v. Norwest Bank Minn., Nat'l Ass'n, 137 F.3d 1053, 1057 (8th Cir. 1998) (standard of review). The district court fashioned an appropriate sanction, enjoining Stilley from filing future cases related to the allegedly fraudulent audit report, the Speed lawsuit, either of the malicious prosecution lawsuits, or the judgment pending against Stilley. Id. The underlying issue has been litigated or raised for litigation in three lawsuits and two appeals. The district court acted appropriately by helping Stilley stop pursuing fruitless litigation.

We affirm the judgments of the district court.  <u>See</u> 8th Cir. R. 47B.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.