# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2569

_____

Larry D. Freeman,

        Appellant,

    v.

Ron Sherman Advertising, Inc.,

        Appellee.

\*           Appeal from the United States
\*           District Court for the
\*           Eastern District of Arkansas.

\*           [UNPUBLISHED]

_____

Submitted: January 6, 2003
Filed: January 10, 2003

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Larry D. Freeman, an African American, appeals the District Court's[1] adverse grant of summary judgment in his employment-discrimination action against his former employer, Ron Sherman Advertising, Inc. (RSA). Having carefully reviewed the record, see Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002) (standard of review), we affirm.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Even assuming, as did the District Court, that Freeman established a prima facie case of race discrimination, see Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000) (elements), the summary judgment record lacks evidence from which a jury could infer that RSA's proffered explanation for Freeman's dismissal--his behavior at an October 8, 1999 meeting about Freeman's work on a specific project--was pretextual. See Forrest, 285 F.3d at 691. Freeman contends that the RSA officers were mistaken about the work that Freeman had done on the project giving rise to the October 8 meeting and that they overreacted in firing him simply for being emotional during the meeting. However, Freeman set forth no evidence indicating that the RSA officers were proceeding dishonestly to mask intentional race discrimination, see Sprenger v. Fed. Home Loan Bank, 253 F.3d 1106, 1112 (8th Cir. 2001), and it is well established that federal courts are not "super-personnel department[s] that re-examine[]" the wisdom of an employer's business decisions, Kipp v. Missouri Highway & Transp. Comm'n, 280 F.3d 893, 898 (8th Cir. 2002) (quoting, originally, Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986)). Further, Freeman has failed to demonstrate a genuine issue of material fact as to whether he was similarly situated in all relevant respects to a white co-worker with whom he wished to be compared. See Forrest, 285 F.3d at 691-92.

We also agree with the District Court's analysis of Freeman's retaliation claim. The record before the District Court did not show the required causal link between Freeman's filing of his December 1999 Equal Employment Opportunity Commission charge about his termination and the October 2000 statements made by an RSA employee about not using Freeman in an RSA commercial. See Kipp, 280 F.3d at 896-97.

Freeman's remaining arguments provide no basis for reversal. Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.