# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-1108/1580

_____

| | | |
|---|---|---|
| Ikechi Kallys Albert, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Qwest Communications International, | * | |
| Inc.; Ryan Stainiger; Allied Interstate, | * | [UNPUBLISHED] |
| West Asset Management; Omnium | * | |
| Worldwide, Inc., | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 30, 2007
Filed: April 10, 2007

_____

Before RILEY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Ikechi Kallys Albert (Albert) appeals the district court's[1] orders dismissing some defendants and denying his motion for a preliminary injunction, and the court's subsequent order clarifying previous orders. Albert has

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

also petitioned for a writ of mandamus. We dismiss the two appeals for want of jurisdiction, and we deny mandamus relief.

The first order appealed is an October 18, 2006 order dismissing claims against three of the five defendants and denying injunctive relief. The dismissal of the defendants is not a final order because the claims against the remaining two defendants were not disposed of in the October 18 order. See 28 U.S.C. § 1291 (defining appellate jurisdiction over final district court decisions); Bullock v. Baptist Mem'l Hosp., 817 F.2d 58, 59 (8th Cir. 1987) (holding an order dismissing complaint as to fewer than all defendants is not final order within meaning of § 1291). Additionally, the district court neither certified the order for immediate appeal, nor directed entry of a partial final judgment. See 28 U.S.C. § 1292(b) (stating a district court may certify a non-final order for appeal when the order involves a controlling question of law as to which there is substantial ground for difference of opinion); Fed. R. Civ. P. 54(b) (stating a district court may expressly direct the entry of final judgment as to fewer than all claims or parties).

Although the October 18 order as a whole is not immediately appealable, we have interlocutory appellate jurisdiction to review that part of the order denying injunctive relief. See 28 U.S.C. § 1292(a)(1) (allowing an appeal from an interlocutory order granting or denying injunctive relief). However, the December 22 notice of appeal from the October 18 order is untimely, see Fed. R. App. P. 4(a)(1)(A), and we conclude the district court did not abuse its discretion by declining to reopen the time to file the appeal, see Fed. R. App. P. 4(a)(6). In particular, we conclude the district court did not clearly err in finding Albert failed to show he did not receive notice of the October 18 order. See Am. Boat Co. v. Unknown Sunken Barge, 418 F.3d 910, 913 (8th Cir. 2005) (reviewing for clear error the district court's factual determination that the appellant received notice).

The second order appealed, a January 26, 2007 order granting in forma pauperis status and clarifying previous orders, is also not an order over which we have jurisdiction. <u>See</u> 28 U.S.C. §§ 1291, 1292.

Therefore, we dismiss the two appeals for want of jurisdiction. Finally, we deny mandamus relief as unwarranted. <u>See</u> <u>Mallard v. U.S. Dist. Court</u>, 490 U.S. 296, 309 (1989) (declaring mandamus is an "extraordinary remedy"); <u>In re Lane</u>, 801 F.2d 1040, 1042 (8th Cir. 1986) (stating mandamus standard, which includes petitioner must have no other adequate alternative remedy).

_____