# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1826/3381

_____

Yan Zhang,      *
     *
        Appellant,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Minnesota.
Equity Office Properties Trust,      *
     *    [UNPUBLISHED]
        Appellee.      *

_____

Submitted: March 6, 2009
Filed: March 11, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Yan Zhang appeals the district court's[1] order denying his motion under Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to file an appeal from the adverse grant of summary judgment (No. 07-3381). He also appeals the district court's order denying his motion for relief under Federal Rule of Civil Procedure 60(b); and its order granting defendant's motion for sanctions under Federal Rule of Civil Procedure 11, requiring Zhang to pay defendant's reasonable attorney fees and costs, and enjoining Zhang from commencing any further litigation against defendant

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

unless he is represented by a licensed attorney and unless he demonstrates he has paid previously imposed sanctions (No. 07-1826).

Following careful review, we find no abuse of discretion in the district court's denial of Zhang's motion to reopen. See Fed. R. App. P. 4(a)(6) (district court may reopen time to file appeal only if certain conditions are satisfied, including condition that court finds moving party did not receive notice under Fed. R. Civ. P. 77(d) of entry of judgment or order sought to be appealed within 21 days after entry); Albert v. Qwest Commc'ns Int'l, Inc., 226 Fed. Appx. 630, 631 (8th Cir. 2007) (unpublished per curiam) (reviewing for abuse of discretion district court's denial of motion to reopen time to file appeal under Rule 4(a)(6); reviewing for clear error finding that party failed to show he did not receive notice of order).

We also find no abuse of discretion in the district court's imposition of sanctions. See Fed. R. Civ. P. 11(c); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (standard of review). Zhang was afforded an opportunity to oppose defendant's motion for sanctions, and then to oppose its accounting after the court determined monetary sanctions were warranted. Instead, he restated arguments in support of his federal suit that had been repeatedly rejected. See Stilley v. James, 48 Fed. Appx. 595, 597 (8th Cir. 2002) (unpublished per curiam) (finding no abuse of discretion in applying appropriately fashioned Rule 11 sanctions enjoining party from filing future cases involving issues that had been litigated or raised in three lawsuits and two appeals).

The merits of the summary judgment ruling are not before us for review, either directly or through the denial of Zhang's motion for relief under Rule 60(b), see Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999) (appeal of Rule 60(b) ruling does not bring up underlying judgment or order for review), and we conclude that the district court did not abuse its discretion in denying Rule 60(b) relief upon finding no

extraordinary relief was warranted, see Fox v. Brewer, 620 F.2d 177, 179-80 (8th Cir. 1980) (standard of review).

Accordingly, the judgment is affirmed in all respects.  See 8th Cir. R. 47B.

_____