# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3404

_____

Houston Casualty Company

*Plaintiff - Appellee*

v.

Strata Corporation

*Defendant - Appellant*

_____

No. 17-3405

_____

Houston Casualty Company

*Plaintiff - Appellant*

v.

Strata Corporation

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of North Dakota - Fargo

_____

_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Strata Corporation appeals the district court's[1] order granting summary judgment to its excess insurer Houston Casualty Company and denying its cross-motion for summary judgment. We affirm.

In July 2012, Strata employee Peter Faust fell to his death at a Montana mine. While Montana's Workers' Compensation Act generally provides the exclusive remedy for workplace injuries, Mont. Code Ann. § 39-71-411, Faust's estate brought suit alleging that Strata's intentional failure to maintain a safe workplace triggered an exception and gave it a cause of action against Strata, *see id.* § 39-71-413.

Strata had a Workers Compensation and Employers Liability Insurance Policy from Liberty Mutual Insurance Company that included a coverage limit of $500,000 for each accident. The policy excluded coverage for certain acts, including "[b]odily injury intentionally caused or aggravated" by Strata. The policy also included a Montana Intentional Injury Exclusion Endorsement excluding coverage for "[b]odily injury caused by [Strata's] intentional, malicious or deliberate act, whether or not the act was intended to cause injury to the employee injured, or whether or not [Strata] had actual knowledge that an injury was certain to occur." Strata also had a

_____

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota, now Circuit Judge for the United States Court of Appeals for the Eighth Circuit.

-2-

Commercial Excess Liability Policy from Houston Casualty Company that provided up to $5 million in excess coverage over and above the underlying Liberty Mutual policy limits. This excess policy "followed form" with the underlying Liberty Mutual policy. In particular, the Houston Casualty excess policy provided that "[u]nder no circumstances will this coverage be broader than" the Liberty Mutual policy, and it stated that it was "subject to the same terms, conditions, agreements, exclusions and definitions" as the Liberty Mutual policy.

As the primary insurer, Liberty Mutual defended Strata against the Faust estate's lawsuit, subject to a reservation of rights. Strata eventually settled the lawsuit with Faust's estate, and Liberty Mutual contributed a portion of the settlement in exchange for a release from Strata. Houston Casualty refused to contribute anything toward the settlement, forcing Strata to pay the remaining balance from its own funds.

Houston Casualty brought suit seeking a declaratory judgment that it had no duty to defend or indemnify Strata and that it did not breach its duty of good faith. Strata counterclaimed. On cross-motions for summary judgment, the district court concluded that North Dakota law applied, granted summary judgment to Houston Casualty, and denied summary judgment for Strata. Strata appealed the district court's order, and Houston Casualty cross-appealed, maintaining that the district court erred in finding that the settlement exhausted the underlying policy limits.

We review a district court's grant of summary judgment *de novo* and may affirm on any ground supported by the record. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Applying this standard, we conclude that the district court properly granted summary judgment to Houston Casualty because the excess insurance policy did not cover the Faust estate's claims against Strata in the

underlying lawsuit. Thus, Houston Casualty had no duty to indemnify Strata, and it did not breach its duty of good faith.

On appeal, Strata points out that Houston Casualty's excess policy does not expressly state that it is subject to *endorsements* to Liberty Mutual's underlying policy. Arguing that the policy must be construed strictly against the insurer, Strata maintains that this omission means that the Montana Intentional Acts Exclusion Endorsement cannot limit the scope of coverage. Strata further contends that this endorsement is ambiguous, even if it does apply, and thus should not preclude coverage here. These arguments are unavailing. The excess policy expressly states that it is subject to exclusions in the underlying coverage. An exclusion is no less an exclusion because it is incorporated into the underlying policy through an endorsement. Under the policy's plain language, in other words, coverage is subject to the Montana Intentional Acts Exclusion Endorsement.

Nor is that provision ambiguous. To evade the exclusivity provision of Montana's Workers' Compensation Act, Faust's estate alleged that Strata's deliberate and intentional acts caused his death. Those allegations necessarily brought Faust's lawsuit within the Montana Intentional Acts Exclusion Endorsement, which excludes coverage for "[b]odily injury caused by [Strata's] intentional, malicious or deliberate act, whether or not the act was intended to cause injury to the employee injured, or whether or not [Strata] had actual knowledge that an injury was certain to occur." Indeed, this language is more sweeping than the language in Section 413, which it tracks and amplifies. *See* Mont. Code Ann. § 39-71-413(3) ("'[I]ntentional injury' means an injury caused by an intentional and deliberate act that is specifically and actually intended to cause injury to the employee injured and there is actual knowledge that an injury is certain to occur."). As a result, Houston Casualty has no duty to indemnify Strata under the excess policy.

-4-

Furthermore, because the excess policy does not provide coverage for Faust's claims, Houston Casualty did not breach its duty of good faith. Under North Dakota law, an "insurer has a duty to act fairly and in good faith in dealing with its insured, including a duty of fair dealing in paying claims, providing defenses to claims, negotiating settlements, and fulfilling all other contractual obligations." *Hartman v. Estate of Miller*, 656 N.W.2d 676, 680 (N.D. 2003). An insurer acts in bad faith when it "acts unreasonably in handling an insured's claim . . . by failing to compensate an insured for a loss covered by a policy, unless the insurer has a proper cause for refusing payment." *Id.* at 681. For the reasons explained above, Houston Casualty had a proper cause for refusing payment because Strata's loss was not covered by its excess insurance policy. Citing Montana and Ninth Circuit cases, Strata argues that the reasonableness of Houston Casualty's actions must be measured at the time its claim first arose rather than with hindsight. But given the policy language, it was clear from the time of the Faust estate's original complaint that the excess policy did not provide coverage.

Finally, we may easily dispose of the remaining issues. First, Strata argues that Houston Casualty breached its duty to defend in the underlying lawsuit. But the duty to defend is not at issue in this case because Strata's primary insurer, Liberty Mutual, defended it during the litigation. Second, Houston Casualty acknowledged at oral argument that its cross-appeal would be moot if we affirmed the district court's grant of summary judgment. Thus, we need not consider it here.

For all these reasons, we affirm the district court order granting summary judgment to Houston Casualty and denying summary judgment to Strata, and we dismiss the cross-appeal as moot.

_____