# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2884

_____

Wilbert Glover

*Plaintiff - Appellant*

v.

Matt Bostrom; Dave Metusalem; Joe Paget; Sergeant Richard Rodriguez; Ramsey
County Sheriff; Greg Croucher

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: December 16, 2021
Filed: April 12, 2022

_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Wilbert Glover filed a *pro se* lawsuit against several detention center officials,
alleging that they subjected him to racially discriminatory treatment in violation of

his Fourteenth Amendment rights. The district court[1] granted the defendants' motion for summary judgment based on qualified immunity. Glover appeals, arguing that the district court erred by granting summary judgment and not recognizing that he pleaded additional causes of action. We affirm in part and remand for further proceedings.

I.

Wilbert Glover is a black man who was detained at the Ramsey County Adult Detention Center. Glover alleges that officers there subjected him to severe racial harassment, including use of racial epithets, multiple times per day. He filed several internal grievances, but each was rejected. Glover alleges the grievances were rejected because of his race.

Glover filed a *pro se* complaint against several detention center officials, the Ramsey County Sheriff, and a state employee, alleging racial discrimination. The defendants filed a motion to dismiss. The magistrate judge construed Glover's pleadings as a § 1983 lawsuit alleging a Fourteenth Amendment equal protection claim for racial discrimination, an Eighth Amendment claim challenging his conditions of confinement, and a *Monell* claim. The magistrate recommended that the Eighth Amendment and *Monell* claims be dismissed. The district court agreed.

Glover's Fourteenth Amendment claim moved to summary judgment. The magistrate recommended granting summary judgment to the remaining defendants because they were entitled to qualified immunity or, alternatively, because Glover's lawsuit was barred by the Prison Litigation Reform Act. The district court summarily accepted the recommendation and granted summary judgment to the remaining defendants.

---

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

Glover appeals, challenging the district court's grant of summary judgment to defendants Joe Paget and Richard Rodriguez, two of the detention center officials that Glover claims were personally involved in persistent racial harassment and the rejection of his grievances. He also argues that the court should have construed his pleadings to include claims for retaliation and violations of the Minnesota Human Rights Act.

II.

We review grants of summary judgment *de novo*. *Houston Cas. Co. v. Strata Corp.*, 915 F.3d 549, 551 (8th Cir. 2019). Summary judgment is appropriate when "there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a); *see also id.* The moving party bears the burden of showing the absence of a genuine dispute. FED. R. CIV. P. 56(a). When summary judgment is based on qualified immunity, we conduct a two-step inquiry: (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate a constitutional or statutory deprivation; and (2) whether the right was clearly established at the time. *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015). We may choose which step to address first. *Morgan v. Robinson*, 920 F.3d 521, 523 (8th Cir. 2019) (en banc).

Paget and Rodriguez moved for summary judgment and attached near-identical affidavits detailing their investigation into Glover's grievances. They claimed they met with Glover, reviewed relevant video footage, and either interviewed witnesses or reviewed witness statements. Both officers concluded that the available evidence didn't support Glover's claims. They also noted that, had such racially discriminatory behavior occurred, they wouldn't have tolerated it.

In his opposition to summary judgment, Glover attached copies of his internal grievance forms describing discriminatory behavior—including allegations that both Paget and Rodriguez used racial slurs against inmates. Glover also submitted counter-affidavits stating that (1) Paget and Rodriguez's affidavits are inaccurate; (2) Paget never met with him about the grievances; (3) Paget rejected his grievances

because of his race; and (4) Glover wrote to internal affairs and the Ramsey County manager's office about the incidents but received no response because of his race. The district court concluded that Glover's summary judgment evidence was insufficient to demonstrate that either defendant's conduct violated his constitutional rights. And because there was no genuine dispute of material fact on whether Glover's rights were violated, the court concluded that Paget and Rodriguez were entitled to qualified immunity.

Glover argues that his summary judgment evidence and other evidence available in the record was sufficient to establish a genuine dispute of material fact. Glover identifies three "buckets" of relevant evidence: (1) his counter-affidavits; (2) the internal grievance forms filed with the Ramsey County Adult Detention Center; and (3) other non-summary judgment evidence available in the record.

Glover's counter-affidavits, standing alone, aren't sufficient to create a genuine dispute of material fact. His counter-affidavit to Paget's statement is only a brief and conclusory allegation that Paget's statement was untrue. He claims that Paget never met with him about the internal complaints and instead rejected them because of Glover's race. Glover's response to Rodriguez's affidavit contains a similarly brief claim that Rodriguez's statements were false, but also alleges that he wrote to the Ramsey County Manager's Office about the harassment and received no response because of his race.

These statements fail to raise a genuine dispute that either officer was personally involved in racial harassment or discrimination at the detention center. Neither affidavit alleges that Paget or Rodriguez used racially abusive language directed at Glover or other black inmates. And while Glover did say that Paget denied his grievances because of race, that unsubstantiated allegation isn't enough to raise a genuine dispute. *See Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002) ("[A] nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.") (citation omitted). Glover lacks personal knowledge of Paget's internal reasons for

rejecting his grievances. And his statement fails to identify any direct or circumstantial evidence that would demonstrate the denial was racially motivated.

Nor do the internal grievance forms save Glover's case. This "bucket" contains four sets of documents that he and other inmates submitted to detention center officials. These documents directly allege that both Paget and Rodriguez used racially abusive language towards black inmates and rejected or ignored black inmates' complaints because of their race. However, as the district court noted, "[t]he grievance forms in question actually contain three separate statements: one made by [Glover] himself, and two that were allegedly made to [Glover] by other ADC inmates." The statements made to Glover by other inmates are unsworn and made out of court, so they're inadmissible for summary judgment purposes. *See Mays v. Rhodes*, 255 F.3d 644, 648 (8th Cir. 2001) ("While we review the record in the light most favorable to Mays as the non-moving party, we do not stretch this favorable presumption so far as to consider as evidence statements found only in inadmissible hearsay."); *Cronquist v. City of Minneapolis*, 237 F.3d 920, 927 (8th Cir. 2001) (holding that affidavits based on hearsay cannot defeat a summary-judgment motion).

That leaves only Glover's statement, which alleges that Rodriguez used racial slurs when speaking to him. Assuming, without deciding, that the grievance form is not also inadmissible hearsay, this bare allegation that Rodriguez used racial slurs against Glover doesn't establish a genuine dispute for trial. Glover failed to obtain sworn testimony or documentary evidence asserting specific facts to help prove his claim. Without support, Glover's mere allegation isn't enough to carry his burden to demonstrate a triable fact dispute. *See Forrest*, 285 F.3d at 691.

Nonetheless, Glover argues that other evidence available in the record, but not attached to or identified in his summary judgment responses, establishes a triable fact dispute. Even if that's true, we have consistently held that district courts are not required to wade through the entire record of the case on a *sua sponte* hunt for facts that might support a party's opposition to summary judgment. *See, e.g., Rodgers v.*

*City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2016) ("[W]e will not mine a summary judgment record searching for nuggets of factual disputes to gild a party's arguments."); *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 915 (8th Cir. 2007) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.") (citation omitted). Glover's status as a *pro se* litigant does not change that expectation. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.") (citation omitted); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("Although *pro se* pleadings are to be construed liberally, *pro se* litigants are not excused from failing to comply with substantive and procedural law."). Accordingly, the district court did not err in conducting its analysis based only on the materials referenced in or attached to Glover's response.

Glover's summary judgment evidence is insufficient to establish a genuine dispute of material fact that Paget or Rodriguez was personally involved in racial discrimination or harassment at the detention center. As a result, Glover cannot demonstrate that either officer's conduct violated his Fourteenth Amendment rights, and both are entitled to qualified immunity. Because this is dispositive of the issue, we do not need to address the district court's alternative basis for granting summary judgment. *See Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 958 (8th Cir. 2019) ("[W]e may affirm a judgment on any ground supported by the record.").

III.

Finally, Glover argues that his *pro se* complaint stated claims for retaliation and violations of the Minnesota Human Rights Act, and that the district court erred by not recognizing or addressing those claims. The defendants agree. Accordingly, we remand for further development of these claims.

IV.

For the forgoing reasons, we affirm in part and remand for further proceedings.

_____