# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2172
_____

Damon J. Houston

*Plaintiff - Appellant*

v.

Thomas Kevin Bredeman, Doctor, Individual Capacity Only; Tymber Taylor,
Health Services Administrator

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 6, 2022
Filed: October 21, 2022
[Unpublished]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Damon Houston appeals following the district court's[1] adverse grant of
summary judgment in his pro se 42 U.S.C. § 1983 action. Upon careful de novo

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern
District of Missouri.

review, see Glover v. Bostrom, 31 F.4th 601, 603 (8th Cir. 2022) (standard of review), we affirm.

We agree with the district court that summary judgment was appropriate on the individual-capacity Eighth Amendment claim against Dr. Bredeman, as the evidence did not show that Dr. Bredeman was involved in providing medical treatment to Houston. See Dahl v. Weber, 580 F.3d 730, 733 (8th Cir. 2009) (to recover § 1983 damages from individual defendant, plaintiff must establish that defendant was personally involved in or directly responsible for alleged constitutional violation). Even considering an affidavit that Houston had previously submitted, he offered no evidence showing otherwise, as his assertion that Dr. Bredeman was responsible was not based on his personal knowledge. See Glover, 31 F.4th at 604 (inmate's affidavit containing unsubstantiated allegation about defendant's actions was insufficient to raise genuine issue of material fact, as inmate lacked personal knowledge of defendant's actions, and affidavit identified no other evidence supporting allegation); Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007) (mere allegations, unsupported by specific facts or evidence beyond non-movant's own conclusions, are insufficient to withstand motion for summary judgment). As Houston does not address his official-capacity claim against Dr. Bredeman or his claims against Health Services Administrator Taylor on appeal, they are waived. See Hess v. Ables, 714 F.3d 1048, 1051 n.2 (8th Cir. 2013) (waiver of claims).

The judgment is affirmed. See 8th Cir. R. 47B.

_____