# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1220
_____

Shannon D. Hollie

*Plaintiff - Appellant*

v.

Essentia Health, Moose Lake Clinic; Benjamin Marsh, Medical Doctor, Essentia Health; in their Official and Individual Capacities; Jane/John Does, Unknown Individuals; in their Official and Individual Capacities

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 3, 2024
Filed: September 13, 2024
[Unpublished]
_____

Before KELLY, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Shannon Hollie, who is civilly committed to the Minnesota Sex Offender Program, appeals the district court's[1] adverse grant of summary judgment in his pro se civil rights action. Upon careful de novo review, we affirm. See Glover v. Bostrom, 31 F.4th 601, 603 (8th Cir. 2022) (standard of review). We agree with the district court that the constitutional claims against Dr. Marsh failed, as Dr. Marsh was not a state actor subject to liability under 42 U.S.C. § 1983. See Roberson v. Dakota Boys & Girls Ranch, 42 F.4th 924, 928 (8th Cir. 2022) (only state actor can be liable under § 1983 for acting under color of state law). The claims under 42 U.S.C. § 1981 and the Americans with Disabilities Act (ADA) also failed, as Hollie did not show that Dr. Marsh's refusal to provide the procedure he requested was due to his race or his alleged disability. See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020) (to prevail on § 1981 claim, plaintiff must prove that, but for his race, he would not have suffered loss of legally protected right); Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) (per curiam) (to establish ADA violation, plaintiff must show that he was denied entity's services or otherwise discriminated against by reason of his disability).

Hollie's vicarious liability claims against Essentia Health also failed, as the underlying claims against Dr. Marsh failed, and as Hollie offered no evidence showing that the denial of the procedure was due to Essentia Health's policies. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993) (corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies, and cannot be held liable under respondeat superior theory).

The judgment is affirmed. See 8th Cir. R. 47B.

_____

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.