# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1747

_____

| | | |
|---|---|---|
| David Duffy, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| L. Jane McPhillips, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 13, 2001

Filed: January 14, 2002

_____

Before LOKEN, Chief Judge, HEANEY and RILEY, Circuit Judges.

_____

HEANEY, Circuit Judge.


David Duffy appeals a final order entered in the United States District Court[1] for the Southern District of Iowa granting summary judgment in favor of defendant

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the Southern District of Iowa.

L. Jane McPhillips on his suit alleging retaliation in violation of his First Amendment rights. For the reasons stated below, we affirm.

I.    BACKGROUND

In April, 1994, Duffy and McPhillips applied for the position of Chief Probation Officer for the Southern District of Iowa. Duffy had worked in the Des Moines, Iowa, probation office since 1974, while McPhillips had extensive experience working in probation offices in Minnesota and Texas. After interviewing both candidates, a three-judge panel awarded the position to McPhillips. After McPhillips assumed her position as Chief Probation Officer, she specifically requested that the Administrative Office of the United States Courts create a new position for a "Deputy Chief." McPhillips wanted this employee to serve as a second administrator, and a full assistant to the Chief Probation Officer. Upon the creation of this position, McPhillips appointed Duffy to serve as the Deputy Chief of the probation office.

Despite his promotion, Duffy was disgruntled about the panel's decision not to award him the position of Chief Probation Officer. On March 8, 1996, Duffy filed suit against the three-judge panel, alleging reverse gender discrimination and violation of due process and equal protection as a result of the discrimination. The district court dismissed the action on the panel's motion for summary judgment, and this Court affirmed. See Duffy v. Wolle, 123 F.3d 1026 (8th Cir. 1997). On July 2, 1997, Duffy filed a grievance against McPhillips pursuant to the Model Equal Opportunity Plan ("EEO") adopted by the United States District Court for the Southern District of Iowa. After an EEO coordinator concluded that he could not resolve the dispute, Duffy filed another complaint in the United States District Court, alleging McPhillips retaliated against him for filing the lawsuit against the three-judge panel by significantly reducing his job duties and responsibilities. On October 6, 1997, an evidentiary hearing was held before the Honorable Richard G. Kopf,

United States District Judge for the District of Nebraska. After the hearing, Judge Kopf dismissed Duffy's complaint. Judge Kopf concluded that Duffy had not suffered any adverse employment action, and did not prove that any alleged adverse employment actions were causally related to the filing of his initial lawsuit against the three-judge panel. Judge Kopf also concluded that McPhillips gave legitimate, non-discriminatory reasons for personnel actions involving Duffy.

After Duffy filed his EEO complaint, he continued to serve as Deputy Chief of the probation office. In 1998, pursuant to McPhillips' request, the probation office was audited by the Administrative Office. The audit report noted several problems, including improper classification of the Deputy Chief position. The Administrative Office concluded that Duffy's assigned duties were not commensurate with the position of Deputy Chief, and recommended that he be reclassified as a supervising probation officer. Despite this recommendation, McPhillips refused to reclassify Duffy.

In his position as Deputy Chief, Duffy continued to have certain administrative responsibilities in the pre-trial services unit, as well as budget, oversight, and special project responsibilities. Despite these duties, Duffy contends that his role as a supervisor within the probation office became limited. According to Duffy, after he filed his EEO complaint, he had no involvement in personnel decisions within the Pretrial Services Unit, and did not serve as a liaison to the United States Magistrate Judges or the law enforcement agencies that dealt with that unit. In response, McPhillips contends that Duffy's responsibilities were limited because there was not enough administrative work to expand Duffy's role as a Deputy Chief.

Left unsatisfied, Duffy filed another complaint against McPhillips on June 30, 1999. This time, Duffy alleged that his First Amendment rights were violated when McPhillips reduced his work responsibilities and duties because he filed his initial lawsuit against the three-judge panel. McPhillips filed a motion for summary

judgment, and the district court granted her motion on February 27, 2001. The district court determined that Judge Kopf's ruling precluded Duffy from raising additional claims of retaliation related to events that took place prior to July 2, 1997. The district court also concluded that Duffy failed to proffer any new allegations of retaliation that differed substantially from the factual findings that were presented to Judge Kopf. As such, the district court determined that Duffy was collaterally estopped from proceeding with his lawsuit.

The district court also noted that Duffy failed to establish a prima facie case of retaliation in violation of the First Amendment. According to the district court, Duffy failed to demonstrate that: (1) he suffered an adverse employment action; (2) a causal connection exists between the adverse employment action and the protected activity; and (3) that McPhillips' proffered nondiscriminatory justifications for her actions were mere pretext for intentional discrimination. On appeal, Duffy contends that the district court improperly relied upon Judge Kopf's decision to prohibit the litigation of issues arising out of events occurring after that decision. Duffy also contends that the district court erred when it concluded that he failed to establish a prima facie case of retaliation.

II.    DISCUSSION

We review a district court's grant of summary judgment de novo. Essco Geometric v. Harvard Indus., 46 F.3d 718, 729 (8th Cir. 1995). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 770 (8th Cir. 2001).

Duffy concedes that the doctrine of issue preclusion prohibits him from presenting issues based upon events occurring before July 2, 1997. However, Duffy argues that after this date, the facts of this lawsuit changed considerably, and therefore, the doctrine of issue preclusion should not apply to his updated claims. For example, according to Duffy, the Administrative Office's 1998 audit demonstrated that his responsibilities were not commensurate with the position of Deputy Chief. Further, Duffy contends that after July 2, 1997, McPhillips continued to retaliate against him for filing his initial lawsuit against the three-judge panel by stripping him of many of his responsibilities, and by decreasing the number of special assignments he received.

We agree with the district court that the claims raised in the current lawsuit are not substantially different than the original claims that were reviewed by Judge Kopf. More importantly, however, Duffy's complaints involving post-July 2, 1997 conduct are insufficient to satisfy his burden to establish a prima facie case of retaliation.

In order to establish a claim of unlawful First Amendment retaliation, a public employee must show that he suffered an adverse employment action that was causally connected to his participation in a protected activity. See Bechtel v. City of Belton, 250 F.3d 1157, 1162 (8th Cir. 2001); see also Hudson v. Norris, 227 F.3d 1047, 1050-51 (8th Cir. 2000). Once the employee satisfies his initial burden, the burden shifts to the employer to show a legitimate, nondiscriminatory reason for his or her actions. See Graning v. Sherburne County, 172 F.3d 611, 615 (8th Cir. 1999). If the employer meets this burden, the burden shifts back to the employee to show that employer's actions were a pretext for illegal retaliation. See id.

We conclude that Duffy has failed to demonstrate that he suffered from an adverse employment action after July 2, 1997. Duffy need not prove that he was terminated to demonstrate an adverse action; however "not everything that makes an employee unhappy is an actionable adverse action." Bechtel, 250 F.3d at 1162

(citations omitted). To constitute an adverse employment action, an employee must be adversely affected by the action. Id. "Defined another way, an adverse employment action must effectuate 'a material change in the terms or conditions of . . . employment.'" Id.; quoting Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir. 1997); see also Cross v. Cleaver, 142 F.3d 1059, 1073 (8th Cir. 1998)(finding that employment actions sufficient to constitute an adverse employment action are usually actions involving an actual or apparent wielding of authority resulting in a material employment disadvantage).

In the present case, Duffy's complaints revolve primarily around his dissatisfaction with his work responsibilities. Duffy argues that his role within the pretrial services unit was reduced after he filed his EEO complaint, and that he no longer made personnel decisions, or served as a liaison to the district's magistrate judges and law enforcement agencies. We find, however, that these minor shifts in employment responsibility did not significantly alter the conditions of Duffy's employment. Duffy possessed a considerable level of responsibility. As Deputy Chief, Duffy was in charge of the office while McPhillips was absent. He also maintained budget, oversight, and special project responsibilities. Moreover, Duffy's pay, benefits, and title, remained the same. Duffy's allegations do not rise to the level of material change in employment that is necessary to demonstrate an adverse employment action.

In addition, we find that Duffy has failed to present sufficient evidence that there is a causal connection between his 1994 lawsuit and his reduced employment responsibilities. Although he argues that his responsibilities were not commensurate with those that McPhillips described as being appropriate for the position of Deputy Chief during the EEO Hearing, Duffy's arguments focus primarily on events that took place prior to July 2, 1997. These arguments cannot be used to establish a causal connection, as they have already been rejected by Judge Kopf. Duffy has failed to present any recent, credible evidence to establish a causal connection between

-6-

McPhillips actions and his 1994 lawsuit.  Hence, summary judgment was appropriate.

III.  CONCLUSION

For the reasons cited above, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.