# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-1814/1922

_____

Paula A. Kipp,      *
               *
       Appellee/Cross-Appellant,     *
               *
    v.                *     Appeal from the United States
               *     District Court for the Western
Missouri Highway and        *     District of Missouri.
Transportation Commission,      *
               *
       Appellant/Cross-Appellee.    *

_____

Submitted: December 14, 2001

Filed: February 20, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A little over two months after Paula Kipp filed a discrimination complaint with the Equal Employment Opportunity Commission against the Missouri Highway and Transportation Commission (MHTC), the MHTC terminated her employment. She sued the MHTC, alleging gender discrimination and retaliation under Title VII of the Civil Rights Act, and a jury found for the MHTC on the discrimination claim but against it on the retaliation claim. The MHTC then moved the trial court to enter judgment for the MHTC as a matter of law on the retaliation claim, and Ms. Kipp moved the trial court to order reinstatement or front pay as to that claim. After the

trial court denied both of these motions and entered judgment consistent with the jury's verdict, both parties appealed raising the issues they had raised in their post-trial motions. We hold that the MHTC is entitled to judgment as a matter of law.

## I.

Paula Kipp worked for thirteen years at the MHTC as a maintenance crew worker and received satisfactory evaluations or better every year. Her duties included working out on the highway as a flagger, mowing grass, plowing snow, and patching potholes. She was the only female in her unit. After many years of service, Ms. Kipp applied for and was denied a promotion. She then filed a complaint, first internally, and later with the EEOC, alleging that she was not promoted because of her gender.

After learning that Ms. Kipp had filed a discrimination complaint, Doulla Towne, the girlfriend of a senior crew worker in Ms. Kipp's unit, sent the MHTC a letter asserting that Ms. Kipp spent extended periods of time away from her job at Ms. Towne's house. Ms. Kipp intimated at trial that Ms. Towne was moved to write the letter because she was angry with Ms. Kipp over a personal dispute; Ms. Towne testified that she did it to provide the state with evidence to refute Ms. Kipp's sex discrimination charge. Ms. Towne's letter eventually made its way to Gary Shuett, the human resources manager for the district in which Ms. Kipp was employed. When Mr. Shuett shared the letter with Donald Hillis, the assistant engineer for the district, the two decided to launch an investigation to determine whether the allegation contained in Ms. Towne's letter could be substantiated.

As part of the investigation, they spoke with Ms. Kipp's immediate supervisor. Her supervisor told Mr. Shuett that Ms. Towne's boyfriend had previously told him that Ms. Kipp had been to Ms. Towne's house, but at that time "he didn't think there was much to it" and therefore had not confronted Ms. Kipp about the matter. Her supervisor did not call into question the truth of any of Ms. Towne's allegations. Mr. Hillis and Mr. Schuett also spoke with Ms. Towne and with Nadine Carr, a friend

who had visited Ms. Towne at her home. According to Mr. Schuett, Ms. Towne provided them with information consistent with what she had stated in her letter. Ms. Carr told them about two instances when she saw Ms. Kipp visit Ms. Towne in the morning during a work day.

Mr. Hillis and Mr. Shuett then confronted Ms. Kipp with the allegations. Ms. Kipp told them that she went to Ms. Towne's house only during her lunch break or for very short periods of time, and that if she ever stayed for more than ten minutes, she would take an hour's vacation, but they testified that they did not believe her. They presented the findings of their investigation to the district engineer, who was the final decision-maker regarding employee discipline and was aware of Ms. Kipp's discrimination complaint. He decided to terminate Ms. Kipp.

II.

We review *de novo* a district court's decision on whether to grant a party's motion for judgment as a matter of law. *See Kennan v. Computer Assocs. Int'l, Inc.*, 13 F.3d 1266, 1268 (8th Cir. 1994). When determining whether a motion for judgment as a matter of law should be granted, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). "Judgment as a matter of law is appropriate only when all of the evidence points one way, and is susceptible of no reasonable inference sustaining the jury's verdict." *Scott Fetzer Co. v. Williamson*, 101 F.3d 549, 553 (8th Cir. 1996).

In order to establish a prima facie case of retaliation under Title VII, Ms. Kipp must show that she filed a charge of discrimination or engaged in some other protected activity, that the defendant took an adverse employment action against her, and that there was a casual link between the filing of the discrimination charge and the adverse employment action. *See Kiel v. Select Artificials, Inc.*, 169 F.3d 1131,

1136 (8th Cir. 1999), *cert. denied*, 528 U.S. 818 (1999).  The MHTC contends that even viewing all the evidence in favor of Ms. Kipp, as we must, she failed to establish a prima facie case of retaliation because there is no evidence sufficient to give rise to an inference of a causal link between her complaint of gender discrimination and her termination.

A reasonable jury could conclude from this record that there was, as a literal matter, a causal connection between Ms. Kipp's complaint to the EEOC and her termination, because there was evidence that absent the complaint Ms. Towne would not have written her letter to the MHTC and Ms. Kipp would not have been fired.  But we believe, with the second circuit, that what is meant by "causal link" in the present context is a showing that an employer's "retaliatory motive played a part in the adverse employment action," *Sumner v. United States Postal Service*, 899 F.2d 203, 208-09 (2d Cir. 1990).  We have held that evidence that gives rise to "an inference of retaliatory motive" on the part of the employer is sufficient to establish a causal link.  *See Rath v. Selection Research, Inc.*, 978 F.2d 1087, 1090 (8th Cir. 1992); *Couty v. Dole*, 886 F.2d 147, 148 (8th Cir. 1989).  We now make explicit what we think was already implicit, namely, that evidence that gives rise to an inference of such a motive is not only sufficient to prove  the required causal link but is also necessary.  We turn, then, to an examination of whether Ms. Kipp has established such a link.

We agree with the trial court that the timing of Ms. Kipp's termination does not, as a matter of law, carry her burden.  We have stated that "[g]enerally, more than a temporal connection ... is required to present a genuine factual issue on retaliation." *Kiel*, 169 F.3d at 1136.  Our recent cases have, in our view, made clear that a "mere coincidence of timing" can rarely be sufficient to establish a submissible case of retaliatory discharge.  *See Nelson v. J.C. Penney Co.*, 75 F.3d 343, 346-47 (8th Cir. 1996), *cert. denied*, 519 U.S. 813 (1996); *see also Feltmann v. Sieben*, 108 F.3d 970, 977 (8th Cir. 1997), *cert. denied*, 522 U.S. 1075 (1998); *Cram v. Lamson and*

*Sessions Co.*, 49 F.3d 466, 474 (8th Cir. 1995). Here, the interval of two months between the complaint and Ms. Kipp's termination so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in Ms. Kipp's favor on the matter of causal link.

Ms. Kipp argues that the fact that her complaint to the EEOC caused Ms. Towne to write her letter is evidence that she was angry at Ms. Kipp for filing the complaint. Although the jury might have been justified in concluding that Ms. Towne had such a motive for sending her letter, we believe that the evidence raises a much stronger inference that she had a different motive. In any case, even if Ms. Towne had such a motive for sending her letter, it would require a leap of faith to infer from that that Ms. Kipp's employer terminated her in retaliation for her complaint to the EEOC. We are aware that a person who files a discrimination complaint often places herself in a position of vulnerability and may face hostility or retaliation from co-workers, members of her community, and even friends. But the law shields employees only from employers who retaliate against them for committing legally protected acts. *See Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 970 (8th Cir. 1999). Evidence of Ms. Towne's motives cannot under the circumstances supply evidence of the relevant causal link.

Ms. Kipp also points out that there was proof that many of her co-workers who left their jobs during the workday without authorization did not face discipline and maintains that this fact gives rise to an inference that the MHTC acted out of a retaliatory motive. The difficulty with this argument is that Ms. Kipp herself testified that she had no reason to believe that Mr. Schuett, Mr. Hillis, or the district engineer, the executives who decided to terminate her, had any idea that other workers were also away without authorization during the workday, if in fact they were. In short, a reasonable jury could not draw an inference that Ms. Kipp was singled out for discipline.

Finally, Ms. Kipp draws our attention to the fact that she was not given a warning before being terminated, that the executives did not take into account her solid track record at the MHTC, that she used her vacation time if she was away from work without authorization, and that her immediate supervisor had not thought much of her leaving work before he was made aware of Ms. Towne's letter. We discern no supportable inference of retaliation in these facts, and we take the occasion to reaffirm the principle that "federal courts do not sit as a super-personnel department that re-examine's an entity's business decisions." *Harvey v. Anheuser-Busch, Inc.* 38 F.3d 968, 973 (8th Cir. 1994) (internal quotations omitted); *see also Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 847 (8th Cir. 2001). Although the jury may have believed that the MHTC should have handled Ms. Kipp's situation differently, that issue was not before it.

III.

In sum, we believe that because the proof in this case fails to raise an inference that the MHTC acted out of a retaliatory motive in terminating her, Ms. Kipp failed to establish the causal link necessary to make out a prima facie case of retaliation, and thus the MHTC was entitled to judgment as a matter of law. We therefore remand the case to the trial court for the entry of a judgment consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.