RILEY, Circuit Judge,
concurring.
The majority opinion, the dissent, and Judge Bye have each presented excellent reasoning for their opinions. Because I believe this difficult case should be presented to a jury for resolution, I join the judgment of the majority opinion in reversing the district court’s decision.
A judgment as a matter of law is “appropriate only when all of the evidence points one way, and is susceptible of no reasonable inference sustaining the jury’s verdict.” See Kipp v. Missouri Highway & Transp. Comm’n, 280 F.3d 893, 896 (8th Cir.2002) (citation omitted). Since I believe the district court and the dissent have weighed the evidence, made determinations based on the credibility of witnesses and not drawn all reasonable factu *652 al inferences in favor of Moran, I concur with the majority opinion’s conclusions.
I further join in Judge Bye’s clarification and the dissent’s reasoning that a substantive due process action must prove both conscience shocking conduct by the official and that such conduct violated one or more deeply rooted, fundamental rights of our Nation. See County of Sacramento v. Lewis, 523 U.S. 833, 846-47 & n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).