# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1964

_____

Rhonda K. Peterson,                         *
                                            *
        Plaintiff - Appellant,              *
                                            *   Appeal from the United States
v.                                          *   District Court for the
                                            *   Western District of Missouri.
TranSystems Corporation,                    *
                                            *   **[UNPUBLISHED]**
        Defendant - Appellee.               *

_____

Submitted: January 12, 2006
Filed:  May 3, 2006

_____

Before LOKEN, Chief Judge, McMILLIAN[*] and MELLOY, Circuit Judges.

_____

LOKEN, Chief Judge.

Following her termination while on maternity leave, Rhonda Peterson commenced this action alleging, *inter alia*, that her former employer, TranSystems Corporation, violated the Family and Medical Leave Act ("FMLA") by interfering with her right to be restored to her prior position and by retaliating against her for exercising her FMLA leave rights.  See 29 U.S.C. §§ 2614(a)(1), 2615(a).  Applying

_____

[*]The Honorable Theodore McMillian died on January 18, 2006.  This opinion is being filed by the remaining judges of the panel pursuant to 8th Cir. Rule 47E.  The opinion is consistent with the views expressed by Judge McMillian at the conference following oral argument.

the proper standard of review, the district court[1] granted summary judgment dismissing the complaint. Peterson appeals the dismissal of her interference and retaliation claims. We affirm.

Correctly anticipating this court's interpretation of the FMLA in Throneberry v. McGehee Desha County Hosp., 403 F.3d 972, 976-81 (8th Cir. 2005), the district court dismissed Peterson's interference claim on the ground that TranSystems had presented overwhelming unrefuted evidence satisfying its burden to show that Peterson was not reinstated to her position because of her poor job performance prior to taking paid pregnancy leave and her attitude toward her work following a previous demotion. The district court dismissed Peterson's retaliation claim on the ground that Peterson failed to show any causal connection between the termination and her exercise of FMLA rights -- TranSystems presented strong evidence of legitimate non-discriminatory reasons for the termination, and Peterson presented no evidence of retaliatory motive beyond some temporal proximity between the leave and the termination. See Kipp v. Missouri Highway & Transp. Comm'n, 280 F.3d 893, 896-97 (8th Cir. 2002).

Having carefully reviewed the summary judgment record *de novo*, we agree with the district court's thorough analysis. Accordingly, we affirm for the reasons stated in the court's Order dated March 17, 2005. See 8th Cir. R. 47B.

_____

[1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.