# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-2671

_____

Bonnie Kelly

*Plaintiff - Appellant*

v.

Omaha Housing Authority, also known as Housing Authority of the City of
Omaha; Stanley Timm, Executive Director, in his individual and official capacity;
Does 1-50

*Defendants - Appellees*

------------------------------

Bonnie Kelly

*Plaintiff - Appellant*

v.

Housing Authority of the City of Omaha; Stanley Timm, Executive Director, in his
individual and official capacity; Does 1-50

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 15, 2013
Filed: July 22, 2013

_____

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

This case concerns whether an appellant's appeal must be dismissed for failure to order the necessary portions of a trial transcript.

After Bonnie Kelly was fired from the Omaha Housing Authority, she brought discrimination lawsuits against the organization and its executive director (collectively, "OHA"). The district court[1] consolidated the two lawsuits. Kelly's case proceeded to a jury trial on (1) race and sex discrimination claims and (2) a First Amendment retaliation claim. At the close of Kelly's evidence, OHA moved for judgment as a matter of law ("JAML") on all claims under Rule 50 of the Federal Rules of Civil Procedure. The district court denied the motion on Kelly's race and sex claims. The district court took OHA's Rule 50 motion on the First Amendment retaliation claim under advisement. After all evidence was presented, OHA renewed its Rule 50 motion, and the district court granted JAML on Kelly's First Amendment retaliation claim. The jury found in favor of OHA, rejecting Kelly's sex- and race-based claims. Kelly then filed a post-trial motion seeking a new trial and reconsideration of the JAML. The district court denied her motion. Kelly now appeals only the district court's grant of JAML on her retaliation claim.

OHA filed a motion to dismiss this appeal based upon Rule 10(b) of the Federal Rules of Appellate Procedure, asserting that Kelly ordered an insufficient portion of the trial transcript and that as a result we cannot properly review the district court's grant of JAML. We issued an order stating that we would consider OHA's motion to dismiss with the case itself.

_____

[1]The Honorable Joseph F. Bataillon, United State District Judge for the District of Nebraska.

Pursuant to the Federal Rules of Appellate Procedure, it is the appellant's duty to order the trial transcript. Fed. R. App. P. 10(b). "The transcript, or part of it, is necessary where the appellant intends to urge on appeal that a finding or conclusion by the trial court is unsupported by the evidence or is contrary to the evidence." Billings v. Chi. Rock Island & Pac. R.R. Co., 570 F.2d 235, 237 n.6 (8th Cir. 1978) (per curiam); see also Fed. R. App. P. 10(b)(2). "It is important, if not essential, to the reviewing court that an appellant bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error." Schmid v. United Bhd. of Carpenters, 827 F.2d 384, 386 (8th Cir. 1987) (per curiam) (internal citation and quotation marks omitted); see also Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 281 (8th Cir. 1995) ("[T]he lack of a transcript precludes us from conducting any meaningful review of these issues.").

Kelly originally only ordered the portion of the trial transcript that contained her testimony and later filed a certificate with the district court that no additional transcript would be ordered. (Certificate of No Tr. Order, ECF 161.) Thus, the remaining portions of the transcript were not transcribed and are not available on the Case Management/Electronic Case Files System. But according to the district court's docket, Kelly presented four additional witnesses. (Witness List, ECF No. 132.) She contends that her testimony alone is sufficient for us to review the district court's grant of JAML.

We review de novo an order granting JAML, considering "all of the evidence in the record." Tatum v. City of Berkeley, 408 F.3d 543, 549 (8th Cir. 2005). For Kelly to sustain her First Amendment retaliation claim, she must demonstrate that she suffered an adverse employment action that was causally connected to her protected speech. See Tyler v. Univ. of Ark. Bd. of Trs., 628 F.3d 980, 985-86 (8th Cir. 2011). Reviewing whether an adverse employment action occurred, a court must distinguish "petty slights or minor annoyances," see Clegg v. Ark. Dep't of Corr., 496 F.3d 922, 929 (8th Cir. 2007) (internal quotation marks omitted), from "a material change" in

the conditions or terms of employment, see Duffy v. McPhillips, 276 F.3d 988, 992 (8th Cir. 2002) (internal quotation marks omitted).

Although Kelly's testimony was important and relevant, it is only a small portion of the testimony and evidence presented during her four-day trial. Without the remaining relevant portions of the trial transcript, we cannot meaningfully review the district court's findings, engage in the intense factual inquiry required to analyze Kelly's retaliation claim, see Clegg 496 F.3d at 929; Duffy, 276 F.3d at 992, review the record de novo, see Tatum, 408 F.3d at 549, or consider "all of the evidence in the record," see id. Therefore, because we cannot properly review the issues in this case based on the record Kelly provided, we do not address the merits of Kelly's First Amendment retaliation claim. See Schmid, 827 F.2d at 386.

Accordingly, we grant OHA's motion to dismiss Kelly's appeal.

_____