# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3463

_____

Brian Hughes

*Plaintiff - Appellant*

v.

James Banks, Warden, North Central Unit, ADC; Darryl Golden, Assistant Warden, North Central Unit, ADC; Curtis Meizner, Major, North Central Unit, ADC; Ronald Gillihan, Captain, North Central Unit, ADC; Eddie Selvey, Captain, North Central Unit, ADC; David Beaty, Lt., North Central Unit, ADC; Marvin Baird, Lt., North Central Unit, ADC; William Truax, Sgt., North Central Unit, ADC; Stanley Robinson, Sgt., North Central Unit, ADC; Diane Peppers, Sgt., North Central Unit, ADC; Chester Pool, Sgt., North Central Unit, ADC; Patrick Miller, Sgt., North Central Unit, ADC; Ronald Klein, Corporal, North Central Unit, ADC; Edward Yarnell, Corporal, North Central Unit, ADC; Clinton Johnson, Corporal, North Central Unit, ADC (originally sued as C.E. Johnson); Sam Guiltner, Corporal, North Central Unit, ADC; Stephen Gill, Corporal, North Central Unit, ADC (originally sued as Steven Gill); Larry Norris, Director, Arkansas Department of Correction; Ray Hobbs, Chief Deputy Director, Arkansas Department of Correction; Larry May, Manager, North Central Unit, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: June 27, 2014
Filed: July 2, 2014

[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this action asserting that prison officials violated his federally protected rights based on his race and religion, Arkansas inmate Brian Hughes appeals the district court's[1] judgment entered upon an adverse jury verdict, and the denial of postjudgment relief. Following careful review of the record before us, which does not include a trial transcript, we agree with defendants that Hughes's request for declaratory relief under Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a)(1)-(2), was mooted by his transfer. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir.1999). We also conclude that Hughes did not establish an abuse of discretion with regard to any discovery ruling, see In re Baycol Prods. Litig., 596 F.3d 884, 888 (8th Cir. 2010) (standard of review); that he did not preserve a claim of instructional error or otherwise establish the district court abused its discretion, see Lopez v. Tyson Foods, Inc., 690 F.3d 869, 875-76 (8th Cir. 2012) (to preserve alleged errors in jury instructions, party must make specific objection; if preserved, jury-instruction challenges are reviewed for abuse of discretion); and that his arguments concerning witness testimony cannot be meaningfully reviewed, see Kelly v. Omaha Housing Authority, 721 F.3d 560, 562 (8th Cir. 2013) (appellant must furnish reviewing court with all parts of proceedings below necessary for determination of validity of any claimed error), cert. denied, 134 S. Ct. 1010 (2014); Schmid v. United Bhd. of Carpenters, 827 F.2d 384, 386 (8th Cir.1987) (per curiam).

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____