In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1826

MARK MCCLESKEY, trustee, et al.,

*Plaintiffs-Appellees*,

*v.*

DLF CONSTRUCTION, INCORPORATED,
an Indiana Corporation,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:09-cv-00724-WTL-MJD—**William T. Lawrence**, *Judge.*

ARGUED MARCH 30, 2012—DECIDED JULY 23, 2012

Before BAUER, POSNER, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge*. This suit involves the interpretation of provisions in union-employer contracts that require the employer to contribute to two union funds—a pension fund and a health and welfare fund. The two funds and their Trustee brought suit against an employer construction company to collect contributions for non-bargaining unit work performed by a union member. The issue on appeal is whether the contract provisions

require the construction company to make contributions to the union funds for all hours worked or only for bargaining unit work. The district court granted summary judgment against the employer, finding that it had to contribute to the funds for all hours worked. We affirm.

## I. BACKGROUND

The facts are simple and not in dispute. In 1992, the Operative Plasterers and Cement Masons International Associations (the "Cement Masons Union" or "Union") established two funds for its union members—a Pension Fund and a Health & Welfare Fund (the "Funds").

DLF Construction, Inc. ("DLF") is an Indiana construction company. In September 2006, DLF entered into a Memorandum of Joint Working Agreement ("MOA") with Local 692 of the Cement Masons Union. Under the MOA, DLF agreed to be bound to all Collective Bargaining Agreements ("CBAs") between the Union and various employer associations in the geographical jurisdiction of the Union.[1] Under the CBAs' terms, DLF is required to make fringe benefit contributions to the Funds on behalf of members of the Union.

Panifilio Mata is a journeyman cement mason and member of Local 692 of the Union. Between 2006 and 2008,

---

[1] There are two CBAs that are relevant to this case. The first was in effect from June 1, 2006 through May 31, 2009. The second took effect on June 1, 2009 and remained in place until May 31, 2012. The terms of these two CBAs are essentially identical.

Mata worked for DLF, performing cement-related work, such as finishing sidewalks around a ballpark and a library; DLF made contributions to the Funds for this work. During the same period, however, Mata also performed other work for DLF, including painting, installing hardwood floors, and some demolition; DLF did not contribute to either of the Funds for this work.

After an audit of DLF's payroll records, the Funds discovered that DLF had failed to make contributions to the Funds on behalf on Mata for 1,119.5 hours worked in 2007 and for 234.5 hours worked in 2008. All in all, the audit report indicated that DLF owed the Funds $11,955.05 in fringe benefit contributions.

The Funds and their Trustee, Mark McClesky, brought suit in district court to collect the contributions they claim DLF should have made on behalf of Mata for the for non-bargaining unit work he performed. Both parties moved for summary judgment. After reviewing the MOA and the collective bargaining agreements, the district court granted summary judgment in favor of the Funds, finding that DLF must contribute to the Funds for all work performed by members of the Union. DLF appeals.

## II. DISCUSSION

DLF challenges both the district court's grant of summary judgment to the Funds and the court's denial of its motion for summary judgment. Specifically, DLF contends that the district court failed to consider the MOA in its entirety; that had it done so, the court would have

properly found that, under the MOA, DLF is required to make fringe benefit contributions for only bargaining unit work.

We review the district court's grant of summary judgment de novo. *See Cherry v. Auburn Gear, Inc.*, 441 F.3d 476, 481 (7th Cir. 2006). We construe the facts and draw inferences "in favor of the party against whom the motion under consideration is made." *In re United Air Lines, Inc.*, 453 F.3d 463, 468 (7th Cir. 2006) (citation omitted). And we determine whether there is a genuine issue of material fact that precludes judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Cady v. Sheahan*, 467 F.3d 1057, 1060-61 (7th Cir. 2006).

We turn first to DLF's argument that, under the MOA, it is not contractually bound to make contributions for non-bargaining unit work. Recall that there are two separate agreements at play here—the MOA and the CBAs. The MOA binds DLF to the terms of the CBAs, which in turn obligate DLF to make fringe benefit contributions to the Funds on behalf of Union members. Specifically, Article V, Sections 2(a) and (b) of the CBAs require DLF to pay into the funds for "each hour worked by employees covered by [the CBAs]." That language is straightforward and plain. DLF contends that the language in the MOA limits its contribution obligations under those sections of the CBAs. According to DLF, it is only required to make fringe benefit contributions for the time an employee spends doing bargaining unit work. To support that argument, DLF points to Section 2 of the MOA:

> [DLF] agrees to be bound to all Collective Bargaining Agreements between the Union and the various Employer Associations in the geographical jurisdiction of the Union, and hereby incorporated herein with the same force and effect as if herein set forth in full, with respect to wages, hours of work, fringe benefits, and all other terms and conditions of employment for all aforesaid Cement Mason, Plasterer and Shop Hand employees *doing bargaining unit work as described in the agreement*. . . .

(emphasis added).

DLF's interpretation of the MOA is wrong. This section does two things. First, it binds DLF to the CBAs—the parties do not dispute that. Second, it establishes the type of employee covered under the CBA— i.e., an employee that does bargaining unit work. In other words, all this paragraph does is establish that for an employee to be covered under the CBA, he or she must be an employee who does bargaining unit work; it does not limit the CBA's coverage to employees doing *only* bargaining unit work.

Our reading of the MOA is harmonious with all of the CBAs' terms. The CBAs explicitly state that DLF is to make contributions for "each hour worked" by an employee covered by the CBAs. And employees covered by the CBAs are employees who are bargaining unit members—i.e., employees who perform work within the trade jurisdiction of the Cement Masons Union. The CBAs go on to describe in Section 2, Article III what sort of work is within the trade jurisdiction of the Union. DLF

seizes on that language to argue that its contribution obligations only apply for work described in this section. Again, that is wrong. Section 2 of Article III merely describes the Cement Masons Union's trade activities for purposes of inter-union disputes over its jurisdictional claims. This section was not intended to, and does not, define bargaining unit work for purposes of fringe benefit contributions.

In short, there is no language in either the MOA or the CBAs that limits DLF's obligations to make fringe benefit contributions; the CBAs are clear that DLF is required to make contributions to the Funds for each hour worked by a covered employee such as Panifilio Mata.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's decision to grant summary judgment in favor of the plaintiffs.